**UNITED STATES of America,**
**Appellee,**

v.

**Mayovant CAMINERO, Defendant–**
**Appellant.**

**No. 07–1253–cr.**

United States Court of Appeals,
Second Circuit.

July 15, 2008.

Brendan R. McGuire, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Celeste L. Koeleveld, Assistant United States Attorney, on the brief), New York, New York, for Appellee.

Jeremy F. Orden, New York, New York, for Defendant–Appellant.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSEPH M. McLAUGHLIN, Hon. CHESTER J. STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Mayovant Caminero appeals from a judgment of the United States District Court for the Southern District of New York (John Koeltl, *Judge*), sentencing him principally to eighty months' imprisonment for conspiracy to distribute and possess with intent to distribute MDMA and distribution and possession with intent to distribute MDMA, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846, and a consecutive term of seven months' imprisonment for unlawful flight, in violation of 18 U.S.C. § 3146(a)(1). On appeal, Caminero challenges the District Court's refusal to grant a minor role adjustment under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2(b) and an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a). We assume the parties' familiarity with the balance of the facts, procedural history, and issues on appeal.

Caminero first argues that the District Court erred in declining to impose a minor role adjustment. "The defendant bears the burden of establishing by a preponderance of the evidence that he is enti-

tled to a mitigating role adjustment under section 3B1.2 of the Sentencing Guidelines." *United States v. Carpenter,* 252 F.3d 230, 234 (2d Cir.2001). Furthermore, "we are mindful that a sentencing court's assessment of the defendant's role in criminal activity is highly fact-specific and depends upon the nature of the defendant's relationship to other participants, the importance of the defendant's actions to the success of the venture, and the defendant's awareness of the nature and scope of the criminal enterprise." *Id.* (internal quotation marks and citation omitted). We have said that "[a] reduction [pursuant to U.S.S.G. § 3B1.2] will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime." *United States v. Rahman,* 189 F.3d 88, 159 (2d Cir.1999) (per curiam). "We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense." *United States v. Castano,* 234 F.3d 111, 113 (2d Cir.2000).

The District Court rejected Caminero's request for a minor role adjustment, noting (1) that Caminero had participated in two sales of MDMA involving 10,000 pills and 1,000 pills; (2) that he had knowledge that such substantial quantities of pills were being sold; (3) his working the day shift at a drug spot for his supplier; and (4) his other minor MDMA sales during such shifts. Caminero does not challenge these factual findings; instead, he argues that by only engaging in the above conduct for four months, his role in the conspiracy was "'minor' or 'minimal' as compared to the average participant in such a crime." *Rahman,* 189 F.3d at 159. However, given the underlying facts found by the District Court, there was no error, much less

clear error, in the District Court's characterization of Caminero's role in the conspiracy, and the District Court properly declined to apply the adjustment.

■ Caminero's second argument is that the District Court erred in denying a reduction for acceptance of responsibility. "[T]he district court's determination of acceptance of responsibility is a factual finding that must be upheld unless it is without foundation." *United States v. Hirsch,* 239 F.3d 221, 226 (2d Cir.2001) (internal quotation marks and citation omitted). We have held that "an intentional flight from judicial proceedings" provides a valid basis for denying an acceptance of responsibility adjustment, even where the defendant has pled guilty. *United States v. Loeb,* 45 F.3d 719, 722 (2d Cir.1995). As it is uncontested that Caminero fled from judicial proceedings to the Dominican Republic, his challenge to the sentence on this ground fails.

For these reasons, we AFFIRM the sentence of the District Court.